UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD WIMPYE,
Plaintiff,

vs.

CHRIS WEBB/AK STEEL
Defendants.

Case No. 1:11-cv-844
Weber, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

This civil action is before the Court on defendant Chris Webb's motion for judgment on the pleadings (Doc. 10), to which plaintiff has not responded. For the following reasons, the Court recommends that defendant Webb's motion be granted.

### I. Background and Factual Allegations

Plaintiff, proceeding pro se, brings this action against defendants Chris Webb, AK Steel, Rhonda S. Rogers, and IAMLL 1943 (the Union) alleging that defendants discriminated against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (Title VII). Plaintiff's complaint alleges that defendant Webb influenced his employer, an AK Steel labor relations manager, to have plaintiff terminated due to absenteeism. (Doc. 3, p. 2). Plaintiff claims that AK Steel engages in discriminatory practices as two of the Caucasian employees who were terminated but then were rehired by AK Steel had engaged in far more serious misconduct than plaintiff, who was absent for three days,. *Id.*, p. 4. Specifically, plaintiff alleges that one of the terminated Caucasian employees was overheard using racial epithets on the internal radio but was rehired after six months and given all of his back pay. *Id.* Plaintiff further alleges that another Caucasian employee was rehired and given back pay after being terminated for six months for causing an explosion in the plant. *Id.*

Plaintiff's complaint also asserts that he is raising claims against defendant Rogers for not reporting the outcome of grievances that she filed on plaintiff's behalf, alleging that defendant Rogers discriminated against plaintiff on the basis of his race. *Id.*, p. 3. Plaintiff's complaint provides that defendant Rogers, along with the Union, refused to take any of plaintiff's filed grievances, or "cases," to arbitration due to his race and his status as a replacement worker[1] hired during an ongoing strike at AK Steel. *Id.*, pp. 4-5.

Plaintiff submitted a charge of discrimination to the Ohio Civil Rights Commission on August 11, 2010, asserting that he was wrongly disciplined and terminated on the basis of his race. *Id.*, p. 7 Plaintiff's charge of discrimination provides:

> I am a Black person. I have been employed by [AK Steel] since September 6, 2007, most recently as a B.P. Locator. On June 25, 2010, [AK Steel] terminated my employment. Prior to my termination I was disciplined. Christ Webb, [AK Steel's] White Labor Relations Manager, is the person who took these actions against me. During my disciplinary proceedings, Mr. Webb has threatened my job. I believe I have been unlawfully discriminated against for the following reasons: A. I had legitimate excuses for my attendance issues, yet [AK Steel] refuses to consider them. B. White employees . . . have more unexcused absences than I (sic) and have not been terminated. C. I have been a very good employee. [AK Steel] does not have a legitimate non-discriminatory reason for treating me in this manner.

*Id.* On September 7, 2011, the EEOC concluded its investigation, adopting the findings of the Ohio Civil Rights Commission, and issued a Notice of Rights to plaintiff, generally known as a "right to sue" letter. *Id.*, p. 6. Plaintiff filed the instant lawsuit on December 5, 2011 (Doc. 1) and defendants filed an answer citing various affirmative defenses, including that plaintiff's Title VII claims against defendant Webb are barred. (Doc. 8).

---

[1] Plaintiff's status as a replacement worker is not protected under 42 U.S.C. § 2000e *et seq.* and cannot form the basis of his Title VII claim.

## II. Standard of Review

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The review of a Rule 12(c) motion is the same as a review under Rule 12(b)(6). *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). The Court must "construe the complaint in the light most favourable to the non-moving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). However, the Court "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Id.* "To withstand a Rule 12(c) motion for judgment on the pleadings, 'a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory.'" *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Commercial Money Ctr.*, 508 F.3d at 336).

## III. Resolution

Defendant Webb asserts that he is entitled to judgment on the pleadings because plaintiff's complaint fails to allege that he was plaintiff's employer and, consequently, he cannot be held liable under Title VII. The Court agrees.

The Sixth Circuit has held that "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Walthen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). *See also Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) ("The law is clear in this circuit that individual liability may not be imposed on an employee, provided that the employee himself cannot be classified as an 'employer,' under Title VII."). Plaintiff's complaint fails to allege that defendant Webb was

3

plaintiff's employer. Rather, the complaint alleges that defendant Webb was an employee of AK Steel who reported to the AK Steel Labor Relations Manager. *See* Doc. 3, p. 2 ("[Defendant] Webb . . . took it upon himself to influence his boss . . . an AK Steel Labor Relations Manager to have me taken off of the work schedule on June 11, 2010 and eventually terminated from employment on June 25, 2010 due to absenteeism.").

Taking plaintiff's allegations as true, defendant Webb is simply an employee of AK Steel and cannot be considered to be plaintiff's "employer" for Title VII purposes. Rather, plaintiff's complaint alleges that defendant Webb was a co-employee who influenced his own boss, the AK Steel Labor Relations Manager, to have plaintiff terminated. Under the facts as alleged by plaintiff, this Court cannot find that defendant Webb was plaintiff's employer. Consequently, plaintiff's Title VII claims against defendant Webb are barred. *See Walthen*, 115 F.3d at 405; *Bangas*, 145 F. App'x at 141.

### IV. Conclusion

For the above reasons, the Court hereby **RECOMMENDS** that defendant Webb's motion for judgment on the pleadings (Doc. 10) be **GRANTED** and that plaintiff's Title VII claims against defendant Webb be **DISMISSED**.

### IT IS THEREFORE RECOMMENDED THAT:

Defendant Webb's motion for judgment on the pleadings (Doc. 10) be **GRANTED**.

Date: 4/30/12

Karen L. Litkovitz
United States Magistrate Judge

4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

RICHARD WIMPYE,
Plaintiff,

vs.

CHRIS WEBB/AK STEEL
Defendants.

Case No. 1:11-cv-844
Weber, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X ☒ Agent ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

1. Article Addressed to:

Richard Wimpye
205 Bavarian Drive Apt. E
Middletown, OH 45044

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail ☐ Express Mail
   ☐ Registered ☐ Return Receipt for Merchandise
   ☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
   (Transfer from service label)
   7003 2260 0002 6723 4743

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540