UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD WIMPYE,
    Plaintiff,

vs.

CHRIS WEBB/AK STEEL
    Defendants.

Case No. 1:11-cv-844
Weber, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, proceeding pro se, brings this action against defendant AK Steel (defendant) alleging that defendant discriminated against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (Title VII). This matter is before the Court on plaintiff's motion for an extension of time (Doc. 31) and motion for discovery. (Doc. 33). Defendant has not filed a response to either motion. The time for filing responsive briefs has passed and these motions are now ripe for ruling.

**I. Plaintiff's Motion for an Extension of Time to Complete Expert Discovery (Doc. 31)**

Plaintiff, proceeding pro se, moves for an extension of time in order to complete expert witness discovery. Specifically, plaintiff seeks time to obtain a report from his proposed expert witness, Mary Hill, a licensed social worker with whom he began treatment in May 2012. Plaintiff's motion includes a one page letter from Ms. Hill which states that his treatment with her has not yet been completed. *See* Doc. 31 at 2. Plaintiff's motion does not set forth any proposed date by which he would be able to submit the expert report.

Under the current scheduling order, plaintiff was to produce his primary expert report by July 2, 2012, and the discovery deadline was December 3, 2012. (Doc. 19). Further, the deadline for filing dispositive motions is set for February 4, 2013, and a final pretrial conference is tentatively set for June 2013 with trial tentatively set for July 2013. *Id.*

As defendant has not filed any response objecting to plaintiff's request, the undersigned cannot conclude that defendant will be prejudiced by granting an extension. However, plaintiff has not identified the date by which Ms. Hill would be able to provide an expert report. Notably, it appears that plaintiff's request for an extension of time to produce an expert report is due to his ongoing treatment with Ms. Hill which could conceivably continue indefinitely. The undersigned is unwilling to alter the deadlines for dispositive motions in this matter as plaintiff has not presented any likely end date to his treatment. Yet, as defendant has not asserted that a short extension of time for plaintiff to submit his expert report would be prejudicial, the Court grants plaintiff's request. Thus it is hereby **ORDERED** that plaintiff has until December 28, 2012, to submit his expert report to defendant.

## II. Plaintiff's Motion for Discovery (Doc. 33)

In his motion for discovery, plaintiff seeks documents produced during a meeting with certain employees of defendant at which plaintiff asserted that he was being discriminated against and subjected to work discipline without cause. Plaintiff further seeks documents regarding termination and re-hiring documents for other employees of defendant, as well as documents of any agreements between defendant and the union, Local Lodge 1943. Plaintiff also seeks attendance records of his former co-workers. Ostensibly, plaintiff seeks this discovery in order to prove his claims that he was terminated by defendant on the basis of race.

The record does not demonstrate that plaintiff has served defendant with his discovery requests as required by Federal Rule of Civil Procedure 34. Plaintiff improperly submitted his discovery requests to the Court instead of serving them on defendant. *See generally* Fed. R. Civ. P. 26-37 (these rules govern the discovery process and provide the proper mechanisms for obtaining discovery). While the Court acknowledges plaintiff's status as a pro se litigant,

proceeding pro se does not relieve a litigant from complying with the basic procedural rules of the Court. *See In re G.A.D., Inc.*, 340 F.3d 331, 335 (6th Cir. 2003) (while pro se litigants' pleadings are held to a less stringent standard, this lessened standard does not apply to procedural rules). *See also McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation be interpreted so as to excuse mistakes by those who proceed without counsel."). Consequently, plaintiff's improperly filed motion for discovery is **DENIED**.

For the reasons stated herein, the Court rules as follows:

1) Plaintiff's motion for an extension (Doc. 31) is **GRANTED** and plaintiff has until **December 28, 2012** to submit his expert report; and

2) Plaintiff's motion for discovery (Docs. 33) is **DENIED**.

**IT IS SO ORDERED.**

Date: 12/17/12

Karen L. Litkovitz
United States Magistrate Judge