## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

RICHARD E. WIMPYE,                         Case No: 1:11-cv-844
    Plaintiff,                         Weber, J.
                                           Litkovitz, M.J.

    vs.

AK STEEL,                                  **REPORT AND**
    Defendant.                         **RECOMMENDATION**

Plaintiff Richard Wimpye brings this action pro se against defendant AK Steel alleging

AK Steel discriminated against him on the basis of his race and retaliated against him in

violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

(Title VII).  This matter is before the Court on defendant's motion for summary judgment (Doc.

38), plaintiff's summary report in opposition (Doc. 49), and defendant's reply memorandum.

(Doc. 51).

### I. Facts

Plaintiff is an African American male who was employed by AK Steel from

approximately June 2006 to June 2010.[1]  (Doc. 38, Ex. 1, ¶¶ 4, 6, Declaration of Amy Hull,

Labor Relations Representative at AK Steel; Doc. 39 at 5, 46, Plaintiff's Deposition; Doc. 39,

Ex. 12, June 15, 2010 Meeting Notes).  Plaintiff initially worked at AK Steel as a temporary

employee during a union lockout, but was hired as a permanent employee in September 2007.

(Doc. 38, Ex. 1, ¶¶ 4, 6, Hull Decl.; Doc. 39 at 18-19).  Shortly thereafter, plaintiff began to

receive discipline for attendance issues.

---

[1]The record reflects that plaintiff was laid off for a brief period due to lack of work, from March 19, 2009
to July 13, 2009.  (Doc. 39 at 35-36; Doc. 39, Ex. 10).

On December 8, 2007, plaintiff received a written warning for failing to follow the proper procedures for calling off work. (Doc. 39 at 23; Doc. 39, Ex. 3, December 8, 2007 Formal Warning write up). Specifically, plaintiff called in sick to work on two consecutive days after his work shift started in violation of AK Steel's policy requiring employees to call in sick before the start of their shift. (Doc 39 at 23-25; Doc. 39, Ex. 3).

In April 2008, plaintiff received a three-day suspension for a "no-call, no-show" and excessive tardiness. (Doc. 39 at 25-28; Doc. 39, Ex. 4, April 2, 2008 discipline form). Plaintiff filed a grievance regarding this suspension; the grievance was denied. (Doc. 39 at 28-29). Additionally, on December 23, 2008, plaintiff received a three-day suspension for tardiness. (Doc. 39 at 33-34; Doc. 39, Ex. 7, December 23, 2008 discipline form).

Plaintiff also received warnings and discipline for issues related to the quality of his work and failure to adhere to safety regulations. In June 2008, plaintiff received a formal warning for mismarking a coil (Doc. 39 at 29; Doc. 39, Ex. 5, June 24, 2008 discipline form) and on December 12, 2008, plaintiff received a one-day suspension for not fastening his seat belt while operating a piece of machinery. (Doc. 39 at 29-30; Doc. 39, Ex. 6, December 11, 2008 discipline form). Plaintiff also received a one-day suspension for mismarking a coil in October 2009. (Doc. 39 at 36; Doc. 39, Ex. 10, November 13, 2009 discipline form). The November 2009 discipline form includes a notation that plaintiff was informed by AK Steel that future incidents could result in further discipline, including discharge from employment. (Doc. 39, Ex. 10).

Plaintiff's attendance continued to be an issue. In March 2010, plaintiff received a 15-day suspension for coming to work late on three separate occasions in February and March. (Doc. 39 at 39; Doc. 39, Ex. 11, March 11, 2010 discipline form). The record includes a summary of a meeting between plaintiff and AK Steel employees regarding this suspension.

2

(Doc. 39, Ex. 11). The summary provides that plaintiff was informed that his "fate was in his own hands" and that "any future violations of [AK Steel's] rules or policies may result in further discipline up to and including discharge." *Id.*

On May 6, 2010, plaintiff called in sick because of food poisoning. (Doc. 39 at 52; Doc. 39, Ex. 12, June 15, 2010 meeting minutes). The following day, plaintiff reported off work because his truck failed to start. (Doc. 39, Ex. 12). Plaintiff called off work again on May 26 because of car trouble. *Id.* On June 15, 2010, AK Steel employees met with plaintiff to discuss his absenteeism. *Id.* This meeting resulted in plaintiff's suspension for "[five] days subject to discharge for '*Absenteeism.*'" *Id.* at 5 (emphasis in original). Plaintiff appealed his termination; on June 25, 2010, the recommendation to discharge plaintiff was affirmed. (Doc. 39 at 57-58, Doc. 39, Ex. 14, June 25, 2010 letter affirming plaintiff's suspension and discharge; Doc. 39, Ex. 15, grievance report; Doc. 39, Ex. 16, grievance decision). Sometime in June 2010, plaintiff made a complaint against AK Steel to the National Association for the Advancement of Colored People (NAACP) at their Middletown, Ohio location.[2] (Doc. 39 at 65).

According to plaintiff, "AK Steel is guilty of discriminatory practices because two of the company's white employees were terminated for much more serious conduct than" plaintiff's three days of absenteeism. (Doc. 3 at 4).[3] Plaintiff states that in 2008, Wes Mackentire, a non-minority AK Steel employee, was discharged for using racial epithets, but was subsequently

---

[2]Plaintiff submitted a "Confidential Witness Affidavit" as an attached exhibit to his "Summary Report" in opposition to AK Steel's summary judgment motion. *See* Doc. 49, Ex. 1. The Court notes that this "Affidavit" is not admissible evidence which can be considered in ruling on the instant motion as it is neither a sworn statement nor a declaration made "under penalty of perjury." *See* Fed. R. Civ. P. 56(c)(4); 28 U.S.C. § 1746.

[3]Plaintiff's verified complaint has the same force and effect as an affidavit for purposes of responding to a motion for summary judgment under Fed. R. Civ. P. 56(e). *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992). Accordingly, the Court will consider these allegations as his affidavit in opposition to AK Steel's motion for summary judgment. However, plaintiff's conclusory allegation that AK Steel is guilty of discriminatory practices is a legal conclusion which does not suffice to create a genuine issue of material fact for trial. *See Doe v. Magoffin Cty. Fiscal Ct.*, 174 F. App'x 962, 966 (6th Cir. 2006).

3

rehired with all back pay reinstated. *Id.* Likewise, AK Steel employee Robert Caudill was "fired and rehired six months later after causing an explosion inside of a co-worker's locker and destroying his things. Robert Caudill was given all of his back pay [in] 2008."[4] *Id.*

## II. Summary Judgment Standard of Review

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An assertion of a undisputed fact must be supported by citations to particular parts of the record, including depositions, affidavits, admissions, and interrogatory answers. The party opposing a properly supported summary judgment motion "'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation omitted).

The Court is not duty bound to search the entire record in an effort to establish a lack of material facts. *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). Rather, the burden is on the non-moving party to "present affirmative evidence to defeat a properly supported motion for summary judgment," *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), and to designate specific facts in dispute. *Anderson*, 477 U.S. at 250. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The Court construes the evidence presented in the light most favorable to the non-movant and draws all justifiable inferences in the non-movant's favor. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

---

[4]There is no further mention of these individuals in the record before the Court.

The Court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The Court must assess "whether there is the need for trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250. "If the evidence is merely colorable, . . . or is not significantly probative, . . . the court may grant judgment." *Anderson,* 477 U.S. at 249-50 (citations omitted).

**III. Analysis**

At the outset, the undersigned notes that plaintiff has failed to support his opposition to AK Steel's motion for summary judgment as required by the Federal Rules of Civil Procedure. In particular, Rule 56(c) provides that a party asserting that there exist facts that are genuinely disputed must support his assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . . admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). The Court recognizes that plaintiff is proceeding pro se. Regardless, he was required to set forth admissible evidence that supports his claims and raises genuine issues for trial in opposing AK Steel's properly supported summary judgment motion. *See McKinnie v. Roadway Express, Inc.*, 341 F.3d 554, 558 (6th Cir. 2003) (pro se litigants "are not entitled to special treatment, including assistance in regards to responding to dispositive motions.").

On February 5, 2013, this Court notified plaintiff of his obligation to respond to the instant summary judgment motion. (Doc. 41). This notice specifically advised plaintiff of his obligation to not rest upon the allegations in his complaint but, rather, to provide evidence setting

forth specific facts showing that there is a genuine issue for trial. *See also Anderson*, 477 U.S. at 248. Plaintiff's response fails to satisfy this obligation.

Plaintiff does not identify or proffer any evidence supporting his discrimination and retaliation claims. Plaintiff has not submitted his own affidavit or any affidavit from witnesses with knowledge of the events described in his complaint. Rather, plaintiff's response consists primarily of his unsupported assertions that the evidence submitted by AK Steel is "false and misleading." (Doc. 49 at 1). Plaintiff did submit a "Confidential Witness Affidavit" and a video from July 1, 2011, which he asserts is a recording of Rhonda Rogers' office.[5] *See* Doc. 49, Ex. 1; Doc. 50. As noted above, the "Affidavit" is not admissible evidence and the Court may not consider it in ruling on AK Steel's motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(4); 28 U.S.C. § 1746. With respect to the submitted recording, the undersigned finds that it is inadmissible pursuant to Federal Rule of Evidence 901. Items submitted into evidence must be authenticated and "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Such items can be authenticated by, among other methods, providing sworn testimony by a witness with knowledge. Fed. R. Evid. 901(b)(1). Here, plaintiff simply asserts in his one-page notice accompanying the item that it "is a video of Rhonda Rogers['] office." (Doc. 50). This one sentence identification fails to meet the standard for authenticating evidence. The recording is also inadmissible as it is not relevant to plaintiff's claims of race discrimination and retaliation. *See* Fed. R. Evid. 401, 402. According to plaintiff's own representation, the recording was made in July 2011, over a year after the events giving rise to his Title VII claims occurred. The undersigned fails to see how the condition of his prior union representative's office a year after he was fired is relevant to his

---

[5] As best the Court can discern from review of plaintiff's deposition testimony, Ms. Rogers was plaintiff's union representative at AK Steel. *See* Doc. 39 at 24.

claims that he was discriminated against on the basis of his race. *See Lensing v. Potter*, No. 1:03-cv-575, 2010 WL 2670785, at *2 (W.D. Mich. July 1, 2010) (evidence of events occurring after events giving rise to discrimination claim are not relevant and not admissible). Consequently, the Court may not consider this video recording evidence.[6]

The complete lack of any evidence from plaintiff demonstrating a genuine issue of material fact is a sufficient basis for granting summary judgment in favor of AK Steel. While plaintiff's pro se status requires the Court to construe his filings liberally, this does not mean that the Court must make plaintiff's case for him. *See Ashiegbu v. Purviance*, 74 F. Supp.2d 740, 746 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Further, the Court is not required to pore over the record to determine whether there exist genuine issues of material fact. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Rather, it may rely on "[t]he facts presented and designated by the moving party . . . ." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992).

AK Steel has proffered evidence demonstrating that plaintiff was not discriminated or retaliated against but, rather, he was terminated for excessive tardiness, absenteeism, and quality of work issues. Plaintiff's unsupported response, consisting of conclusory allegations and his subjective beliefs, is insufficient to overcome AK Steel's supported motion for summary judgment. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584-85 (6th Cir. 1992). Plaintiff has not properly supported his assertions of fact or rebutted AK Steel's assertions of fact; consequently, plaintiff has failed to demonstrate, through evidence, that there exist genuine issues of material fact for trial and AK Steel is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(e)(3).

---

[6]Notably, even if the video was admissible, it fails to raise any genuine issue of material fact with regard to whether plaintiff has established a prima facie case for Title VII race discrimination or retaliation.

Regardless, the Court will also address the merits of plaintiff's discrimination and retaliation claims as they are addressed by AK Steel's motion.

    A.  <u>Title VII Race Discrimination Claim</u>

       Title VII provides that "[i]t shall be an unlawful employment practice for an employer to . . . discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race. . . ." 42 U.S.C. § 2000e–2(a). A plaintiff may establish a discrimination claim by either direct or circumstantial evidence. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010). "Direct evidence of discrimination is 'that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions.'" *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003) (en banc). "Circumstantial evidence, on the other hand, is proof that does not on its face establish discriminatory animus, but does allow a factfinder to draw a reasonable inference that discrimination occurred." *Id.*

       A plaintiff who lacks direct evidence of discrimination may establish a prima facie case of discrimination through circumstantial evidence by showing that: 1) he is a member of a protected class; 2) he suffered an adverse employment action; 3) he was qualified for the position lost or not gained; and 4) he was replaced by an individual outside the protected class. *Mitchell*, 964 F.2d at 582. Plaintiff may also establish the fourth prong of a prima facie case of discrimination by showing that he was treated less favorably than a similarly-situated individual outside the protected class. *See Clayton v. Meijer, Inc.*, 281 F.3d 605, 610 (6th Cir. 2002).

       If the plaintiff establishes a prima facie case, the employer can overcome the prima facie case by articulating a legitimate, nondiscriminatory reason for the adverse employment action. *McDonnell Douglas,* 411 U.S. at 802. If the employer carries its burden, the plaintiff must show

8

that the reasons offered by the employer were not its true reasons but were a pretext for discrimination. *Id.* at 804.

AK Steel argues that it is entitled to summary judgment on plaintiff's discrimination claim as plaintiff cannot demonstrate that its stated basis for firing plaintiff – that plaintiff was excessively tardy and had attendance and quality of work issues – was pretextual.[7]  AK Steel presents evidence that over plaintiff's two-and-one-half years of employment, he was disciplined on eight occasions for attendance and performance problems, citing to plaintiff's deposition testimony (Doc. 39 at 23-30, 33-34, 36, 39, 52) and the written decision on plaintiff's grievance related to his discharge.  (Doc. 39, Ex. 16, Grievance Decision).  Rather than address this evidence demonstrating his history of poor attendance and performance or put forth any evidence that AK Steel's stated basis for discharge was pretextual, plaintiff merely asserts that his union and AK Steel colluded with each other to ensure that employees hired on as replacement workers would not be represented by the union when they were disciplined for poor work and attendance problems.  (Doc. 49 at 2).  Plaintiff does not, however, refute that he received multiple warnings and discipline for tardiness, absenteeism, and poor work quality during his tenure at AK Steel. *See Kincade v. Firestone Tire & Rubber Co.*, 694 F. Supp. 368, 409 (M.D. Tenn. 1987) (employer entitled to judgment in its favor where plaintiff failed to demonstrate that employer's justification for firing her due to absenteeism was pretextual).  As plaintiff has failed to proffer any evidence demonstrating that AK Steel's stated basis for firing him was pretextual, summary judgment in favor of AK Steel is appropriate.

---

[7]For the purposes of this motion, AK Steel assumes that plaintiff makes a prima facie showing of discrimination.  (Doc. 38 at 7).  The undersigned finds that plaintiff has established a prima facie Title VII discrimination claim as his verified complaint includes his attestations that he: (1) is a member of a protected class; (2) was subject to an adverse employment action, *i.e.*, termination; (3) was qualified for the position; and (4) was treated less favorably that similarly situated Caucasian employees. *See* Doc. 3 at 3-4. *See also Mitchell*, 964 F.2d at 582; *Clayton*, 281 F.3d at 610.

9

B.  Title VII Retaliation Claim

Plaintiff has also brought a Title VII retaliation claim against AK Steel. *See* Doc. 3, Ex. 1, Civil Cover Sheet.  Though his complaint fails to provide a clear basis for his retaliation claim, it appears upon review of plaintiff's deposition testimony that he believes AK Steel retaliated against him by firing him after he made a complaint to the NAACP.[8]  (Doc. 39 at 63-64).

In order to establish a prima facie case of retaliation, a plaintiff must show that: 1) he engaged in activity protected by the discrimination statutes; 2) the exercise of his civil rights was known to the defendant; 3) thereafter, the defendant took an employment action adverse to the plaintiff; and 4) there was a causal connection between the protected activity and the adverse employment action. *See Harrison v. Metropolitan Gov't of Nashville,* 80 F.3d 1107, 1118 (6th Cir. 1996), *overruled on other grounds as recognized by Jackson v. Quanex Corp.,* 191 F.3d 647, 667 (6th Cir. 1999).  The burden of establishing a prima facie case in a retaliation action is not onerous, but one easily met. *See EEOC v. Avery Dennison Corp.,* 104 F.3d 858, 861 (6th Cir. 1997).

Once the plaintiff establishes a prima facie case of retaliation, the burden shifts to the defendant to proffer a legitimate, non-retaliatory reason for the adverse employment action. *Manzer v. Diamond Shamrock Chemicals Co.,* 29 F.3d 1078, 1082 (6th Cir. 1994).  If the defendant meets its burden of production, the burden shifts back to the plaintiff to show that the reasons proffered by the defendant are but a pretext for retaliation. *Id.*  However, the burden of persuasion remains with the plaintiff at all times. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 511 (1993).

AK Steel asserts plaintiff cannot establish a prima facie retaliation case because there is no evidence showing that the decision-makers involved in his termination were aware that

---

[8]The NAACP complaint is not part of the record currently before the Court.

plaintiff made a complaint to the NAACP against AK Steel. AK Steel further contends that even if plaintiff had established a prima facie case, his retaliation claim must be dismissed because he has presented no evidence demonstrating that AK Steel's stated basis for firing him was pretextual. For the following reasons, the undersigned finds that AK Steel is entitled to summary judgment on plaintiff's retaliation claim.

Viewing the evidence in the light most favorable to plaintiff, the Court finds that plaintiff has failed to establish a prima facie case of retaliation. Sixth Circuit precedent requires that plaintiff put forth evidence showing that the individual's responsible for firing him had knowledge of his protected activity. *See Mulhall v. Ashcroft*, 287 F.3d 543, 551 (6th Cir. 2002). Thus, in order to establish a prima facie retaliation case, plaintiff must come forward with some evidence showing that the individuals who discharged plaintiff knew that he made a complaint to the NAACP. Plaintiff has failed to make any such showing; consequently, AK Steel is entitled to summary judgment.

The undisputed facts, as stated above, show that AK Steel employees met with plaintiff on June 15, 2010 to address his absenteeism. (Doc. 9, Ex. 12). During this meeting, plaintiff was informed that he was receiving a suspension subject to discharge. *Id.* at 5. The decision to fire plaintiff was upheld on appeal on June 25, 2010. (Doc. 39 at 57-58, Doc. 39, Exs. 14-16). The record is unclear as to when plaintiff filed his complaint with the NAACP but it appears that is occurred sometime in June 2010. (Doc. 39 at 65). There is no evidence whatsoever demonstrating that any AK Steel employee involved in either the decision to terminate plaintiff or to uphold the determination on appeal was aware of the NAACP complaint. Indeed, at his deposition plaintiff was unable to articulate any basis for believing that any AK Steel employee had knowledge of the complaint aside from his conclusory testimony that he "could just tell by

11

the way [Chris Webb][9] looked at [plaintiff]" during the June 15, 2010 meeting that Mr. Webb was aware of the complaint. (Doc. 39 at 67). Plaintiff's subjective beliefs regarding Mr. Webb's knowledge are insufficient to establish that AK Steel or its employees were aware that he made a complaint to the NAACP prior to terminating him. *Mitchell*, 964 F.2d at 585 ("conclusory allegations and subjective beliefs . . . are wholly insufficient evidence . . . ."). Consequently, plaintiff has failed to establish the "prior knowledge" element of his prima facie case for retaliation and AK Steel's summary judgment motion should be granted.

Assuming, *arguendo*, that plaintiff had established a prima facie retaliation claim, AK Steel is nevertheless entitled to summary judgment because plaintiff has failed to submit any evidence rebutting AK Steel's proffered, nondiscriminatory reason for terminating plaintiff's employment. As stated above, defendant has proffered a nondiscriminatory reason for firing plaintiff – specifically, that he was fired for absenteeism. (Doc. 39 at 23-30, 33-34, 36, 39, 52; Doc. 39, Ex. 16). Plaintiff has presented no evidence to discredit AK Steel's non-retaliatory basis for his termination. Without such evidence, plaintiff's retaliation claim cannot survive summary judgment. *Wasek v. Arrow Energy Srvs., Inc.*, 682 F.3d 463, 472 (6th Cir. 2012).

**III. Conclusion**

For the above-stated reasons, the Court recommends that AK Steel's motion for summary judgment (Doc. 38) be **GRANTED** and that this action be **DISMISSED** on the docket of the Court.

6/18/13
Date

Karen L. Litkovitz
United States Magistrate Judge

---

[9]Chris Webb, a prior defendant in this matter, was one of plaintiff's supervisors at AK Steel. (Doc. 39, Exs. 11-12).

12

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

RICHARD E. WIMPYE,                              Case No: 1:11-cv-844
     Plaintiff,                                Weber, J.
                                                Litkovitz, M.J.

     vs.

AK STEEL,
     Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  See Thomas v. Arn, 474 U.S. 140

(1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

13

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Richard Wimpye
205 Bavarian Drive Apt. E
Middletown, OH 45044

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☑ Certified Mail     ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number
   (Transfer from service label)

7002 3150 0000 8389 9685

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540